**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 20-23257-CIV-CANNON/Otazo-Reyes**

**DALIA MIRANDA**,
on behalf of herself and all others similarly situated,

    Plaintiff,
v.

**WASTE MANAGEMENT, INC. OF FLORIDA**,

    Defendant.
_____/

**ORDER APPROVING CLASS SETTLEMENT**

**THIS CAUSE** comes before the Court upon Plaintiff's Unopposed Motion and Memorandum of Law in Support of Final Approval of Class Action Settlement ("Motion for Final Approval") [ECF No. 38]. The Court held a Fairness Hearing on the Motion for Final Approval on September 10, 2021, and a Supplemental Fairness Hearing on September 15, 2021.

In this class action, Plaintiff, Dalia Miranda, as Class Representative, and Defendant, Waste Management, Inc. of Florida, have agreed to a proposed class settlement, the terms and conditions of which are set forth in an executed Settlement Agreement, which they submitted to the Court for final approval (the "Settlement Agreement") [ECF No. 34-1].

On December 2, 2020, the Parties reached the Settlement Agreement through arm's-length negotiations, including a mediation. The Settlement Agreement, with its exhibits, including the proposed Class Notice Forms, was filed with Class Counsel's motion for preliminary approval [ECF No. 34-1]. On May 5, 2021, the Court, after due and careful consideration, granted preliminary approval of the Settlement and the Parties' plan for disseminating the Class Notice

[ECF No. 35]. Additionally, the Court preliminarily approved both the certification of the Settlement Class, as defined in the Settlement Agreement, and the appointment of Dalia Miranda as Class Representative, and Steven Liddle, Nicholas Coulson, and Spencer Aronfeld as Settlement Class Counsel under Federal Rule of Civil Procedure 23(g)(1) [ECF No. 35 ¶ 3].

The Class Notice of the Settlement was properly disseminated in accordance with the notice plan approved by the Court. Plaintiff then submitted the Motion for Final Approval [ECF No. 38]. The Court has received one objection from the 171 class members [ECF No. 38- 4] Thirteen members opted out of the settlement [ECF No. 38-3].

On September 10, 2021 the Court conducted a Fairness Hearing to determine: (a) whether this action satisfies the applicable prerequisites for class action treatment, *see* Fed R. Civ. P. 23; (b) whether the proposed Settlement was fair, reasonable, adequate, and in the best interest of the Class Members (and whether it should thus be approved by the Court); (c) whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and (d) the proper amount of attorney's fees and costs. The Court also held a Supplemental Fairness Hearing on September 15, 2021. No objectors appeared for either hearing.

Accordingly, the Court, having considered the Motion for Final Approval, the Record, and the governing law, hereby

**ORDERS AND ADJUDGES** as follows:

1.      Under Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members" with respect to the claims asserted in the lawsuit:

> All owner/occupants, tenants, renters or lessees of each residential property within the Class Area, defined below:

Beginning at the intersection/interchange of the Ronald Reagan Turnpike (a/k/a Homestead Extension of Florida's Turnpike, SR 821) and NW 106th Street; East on NW 106th Street on a straight line to NW South River Drive; South on NW South River Drive to the Palmetto Expressway (a/k/a SR 826); South on Palmetto Expressway to NW 58th Street; West on NW 58th Street to the Ronald Reagan Turnpike; North on Ronald Reagan Turnpike to the starting point at the intersection/interchange of the Ronald Reagan Turnpike and NW 106th Street.

Excluded from the Settlement Class are all potential Settlement Class Members who timely complied with the requirements set forth in the Class Notice to exclude themselves from and opt out of the Settlement Class and the Settlement Agreement.

2. The prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied as follows:

   a. Numerosity: This class consists of 171 members. Accordingly, the number of members of the Settlement Class is so numerous that joinder of all class members would be impracticable;

   a. Commonality: Each class member suffered the same noxious fumes from the landfill. Accordingly, there are questions of law and fact that are common to the Settlement Class;

   b. Typicality: Plaintiff suffered the same noxious fumes as the rest of the class. Accordingly, Plaintiff's claims are typical of the Class' claims;

   c. Adequacy: For the reasons stated below regarding the adequacy of the settlement, the Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class; and

   d. Predominance: Common questions of law and fact predominate over individual questions.

3.  The Court finds that, in negotiating, entering, and implementing the Settlement, the Plaintiffs and Class Counsel have adequately represented and protected the interests of the Class.

4.  The proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members. The settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, having adequate knowledge of the strengths and weaknesses of their claims and the defenses and the risks of proceeding with the litigation through a motion for class certification, trial, and appeal.

5.  The aggregate consideration, including both the Settlement Fund to which Defendant shall contribute and the improvement measures that the Defendant will implement, is commensurate with the claims asserted and that will be released as part of the settlement; and the proposed Settlement Agreement's terms fall well within the range of settlement terms that would be considered fair, reasonable, and adequate resolution of the Litigation.

6.  The Court appoints Named Class Representative Dalia Miranda as representative of the Settlement Class. Pursuant to Rule 23(g), the Court appoints Steven D. Liddle, Esq., Nicholas A. Coulson, Esq., and Spencer Aronfeld, Esq. as Class Counsel.

7.  Pursuant to Rule 23(e)(1) and all applicable law, notice was properly given to the potential Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order. The Class Notice which the Court approved in the Preliminary Approval Order, was written in plain English and readily understandable. The Class Notice was sent by Class Counsel by mail to each reasonably identifiable (as noted in the Settlement Agreement) residential address within the Class Area. The Class Notice and

other relevant information and documents (e.g., the Complaint, the Preliminary Approval Order, and the Settlement Agreement with all of its exhibits) were posted on a generally accessible website identified in the Class Notice. The notice provided an address, an e-mail address, a website, and a toll-free telephone number for the potential Settlement Class Members to contact if they needed or wanted additional information. The Court finds that the notification provided for and given to the Settlement Class (a) constitutes the best notice practicable under the circumstances; (b) was reasonably calculated to apprise potential Settlement Class Members of the existence of and their rights related to the Litigation and the terms and conditions of the proposed Settlement Agreement; (c) constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) is in full compliance with all applicable requirements of Florida and Federal law, the Rules of the Court, any other applicable law and due process requirements. Pursuant to 28 U.S.C. § 1715, notice was properly given to the appropriate federal and state agencies, including the United States Attorney General, the Attorney General for the State of Florida, and the Florida Department of Environmental Protection. Each such notice was provided more than ninety (90) days ago, thereby complying with the statutory notice period.

8. The Class Members were given an opportunity to object to the settlement. Only one objection was filed by Guillermo Mutis and Casilda Manzano. That objection asserts that "the settlement does not include any warranty, assurance or compromise" from Defendant that emissions from the landfill will be reduced or controlled, and that the emissions may "increase in the future and the pertaining class will not have any legal right to present a claim" [ECF No. 38-4, p. 2]. The Court has carefully considered the objection and finds that the Settlement Agreement adequately addresses the stated concern. Specifically, the Settlement

Agreement contains a commitment from Defendant to invest $500,000 in measures to control pollution [ECF No. 34-1, pp. 8, 18-19]. Additionally, the Settlement Agreement does not release Defendant from any claim arising out of a violation or breach of the Settlement Agreement or any claim related to emissions occurring after the Effective Date [ECF No. 34-1, p. 20], which is expressly noted in Section 11(b) and (c) of this Order. The Court also finds that the overwhelming support by the 171 Class Members—with only one objection—is strong circumstantial evidence supporting the fairness of the Settlement. *See In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1343 (S.D. Fla. 2011) (quoting *In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (N.D. Ohio 1983) ("The near 'unanimous approval of the proposed settlements by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlements.'"). Thus, the Court overrules the objection and finds that it is unsupported in the record.

9. Pursuant to Rule 23(e), having ruled that due and adequate notice was provided to the potential Settlement Class Members, and that they were afforded an opportunity to participate in the proceedings and object to the Settlement Agreement or to exclude themselves from the settlement by opting out of the Settlement Class, it is hereby determined that each Settlement Class Member (whether or not the Settlement Class Member objected, submitted a Claim Form, or otherwise participated in the Litigation, the settlement, or the approval process) shall be bound by the terms and provisions of the Settlement Agreement and the Final Judgment and Order, including the releases and covenants not to sue set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Order. As Defendant was not in control of or did not participate in the effectuation of Notice or the maintenance, allocation, or distribution of the Settlement Fund, Defendant shall not have any

liability for those aspects of the settlement, nor shall they affect the validity or binding nature of this Order or the Settlement Agreement, including, without limitation, the release afforded to the Released Parties.

10.     Pursuant to the terms of the Settlement Agreement, within ten (10) business days of the Effective Date, Defendant shall pay a total of One Million One Hundred Twelve Thousand Five Hundred Dollars and Zero Cents ($1,112,500.00) and no more by check or wire or electronic transfer into a Settlement Fund to be established by Class Counsel, Liddle & Dubin, P.C., under the Internal Revenue Code (*see* 26 C.F.R. 1.468B-1). Upon request from Defendant, Class Counsel shall promptly provide deposit or wire or electronic transfer instructions. The deposit by Defendant, in combination with the improvement measures, shall fully satisfy each and every obligation of Defendant to the Named Class Representative, Class Counsel, the Settlement Class, and each Settlement Class Member concerning this Litigation, the Settlement Agreement, and the released claims until the date this Final Judgment and Order becomes Final and non-appealable.  Defendant shall also implement the improvement measures as set forth in the Settlement Agreement.

11.     Plaintiffs, including the Named Class Representative and all Settlement Class Members, are barred and permanently enjoined from instituting, maintaining, prosecuting, or continuing to maintain or prosecute against the Released Parties any claim or action in any jurisdiction for which a release or covenant not to sue is being given under the Settlement Agreement in or arising out of or in any way relating to any act, failure to act, omission, representation or misrepresentation, fact, event, transaction, occurrence, or other matters set forth, alleged, or otherwise referenced in the Litigation, including without limitation all claims for violation of federal, state, foreign, common, or other law, any suit or action against any of

the Released Parties based upon any claim, demand, action, cause of action, or liability of any nature whatsoever, whether known or unknown that any of them ever had, now have, can have, or shall or may hereafter have, except that nothing herein releases

      a. any claim arising out of a violation or breach of the Settlement Agreement;

      b. any claim related to emissions occurring after the Effective Date; or

      c. any claim for medically diagnosed personal injuries.

12. The Court shall maintain continuing jurisdiction over the administration and consummation of the Settlement to assure the effectuation thereof, without affecting the finality of this Final Approval Order and the accompanying Final Judgment. The Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Final Approval Order and the accompanying Final Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement.

13. This Order and Final Judgment, the Settlement Agreement, and all papers relating thereto are not and shall not be construed to be an admission or concession by Plaintiffs with regard to the merits of their claims whatsoever and shall not be offered as evidence as to the merits in this or any other proceeding.

14. In the event that this Order fails to become Final and non-appealable for any reason, including without limitation that it is reversed on appeal and/or the Settlement Agreement is terminated, then this Order, the Preliminary Approval Order, and all related orders from this Court shall be automatically rendered null and void and shall be deemed vacated.  In such event, the parties and the putative class members shall be returned to the same litigation

position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement. This includes the Released Parties' right to oppose class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C)). Class Counsel shall also immediately terminate the website.

15. The Lawsuit is hereby dismissed with prejudice in all respects.

**DONE AND ORDERED** at Fort Pierce, Florida this 16th day of September 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record